An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

MELVIN DOSDOS DULCERO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63937

**FILED**

APR 1 0 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Melvin Dosdos Dulcero's post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Lidia Stiglich, Judge.

*Validity of guilty plea*

Dulcero contends that the district court abused its discretion by finding that he entered his guilty plea knowingly, intelligently, and voluntarily because his native language was Tagalog, he was under the influence of prescription medications, he was not happy with defense counsel, and he was not advised of the actual restitution amount before entering his plea. "This court will not reverse a district court's determination concerning the validity of a plea absent a clear abuse of discretion." *Johnson v. State*, 123 Nev. 139, 144, 159 P.3d 1096, 1098 (2007). Here, the district court conducted an evidentiary hearing on Dulcero's habeas petition and found that Dulcero had "abandoned his claim concerning the interpreter," there was "insufficient evidence that the prescription medication affected the knowing and voluntary character or Dulcero's understanding of the plea," there was "no evidence that Dulcero's counsel coerced him into entering the plea," and "Dulcero [cited]

14-11545

no authority holding that a defendant's plea is not knowing or voluntary if he is not advised of the actual restitution amount before entering his plea." The record on appeal supports the district court's findings, and we conclude that the district court did not clearly abuse its discretion in this regard. *See Molina v. State*, 120 Nev. 185, 190, 87 P.3d 533, 537 (2004) (defendant bears the burden of proving that his plea is invalid).

*Ineffective assistance of counsel*

Dulcero contends that the district court abused its discretion by denying his claims that he received ineffective assistance of counsel because counsel failed to investigate a defense based on the prescription drug Paxil, use Paxil as mitigating evidence, challenge the restitution amount, and ask this court to revisit its decision in *State v. Second Judicial Dist. Court (Pullin)*, 124 Nev. 564, 188 P.3d 1079 (2008) (holding that the ameliorative amendments to NRS 193.165 are not retroactive). When reviewing the district court's resolution of ineffective-assistance claims, we give deference to the court's factual findings if they are supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005). Here, the district court found that counsel investigated a Paxil defense and made a tactical decision not to present it as a defense at trial or as a mitigating circumstance at sentencing, Dulcero failed to demonstrate that counsel's failure to challenge the restitution amount resulted in prejudice, and Dulcero failed to show that "counsel's failure to challenge *Pullin* on appeal was unreasonable under the prevailing professional norms." The record reveals that the district court's factual findings are supported by substantial evidence and are not clearly wrong, and we conclude that

Dulcero has not demonstrated that the district court erred as a matter of law. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Kirksey v. State*, 112 Nev. 980, 987, 998, 923 P.2d 1102, 1107, 1113-14 (1996); *see also Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004) (petitioner must prove the facts underlying his claims of ineffective assistance of counsel by a preponderance of the evidence).

*Cruel and unusual punishment*

To the extent that Dulcero also claims that his sentence constitutes cruel and unusual punishment, this claim was not presented in the court below, *see Ford v. Warden*, 111 Nev. 872, 884, 901 P.2d 123, 130 (1995), it falls outside the scope of claims that may be properly raised in a post-conviction habeas petition, *see* NRS 34.810(1)(a), and we decline to consider it.

Having concluded that Dulcero is not entitled to relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:     Hon. Lidia Stiglich, District Judge
        Karla K. Butko
        Attorney General/Carson City
        Washoe County District Attorney
        Washoe District Court Clerk